## In the Matter of the ESTATE of Marjorie JACKSON, Deceased.

**INDIANA DEPARTMENT OF STATE REVENUE, INHERITANCE TAX DIVISION, Appellant (Petitioner Below),**

v.

**Roberta A. KOERS and Steven A. Koers, Co–Personal Representatives of Estate of Marjorie Jackson, Deceased, Appellee (Respondent Below).**

No. 2–680A176.

Court of Appeals of Indiana, Fourth District.

Sept. 25, 1980.

Rehearing Denied Nov. 12, 1980.

---

Theodore L. Sendak, Atty. Gen., Thomas D. Strodtman, Asst. Atty. Gen., Alembert W. Brayton, Deputy Atty. Gen., Jeffrey L. Hunter, Deputy Atty. Gen., Indianapolis, for appellant.

Francis J. Feeney, Jr., Feeney & Ward, Indianapolis, for appellee.

Clark & Clark, James C. Clark, Indianapolis, for amicus curiae.

YOUNG, Presiding Judge.

The Department of State Revenue, Inheritance Tax Division appeals the denial by the Marion Superior Court, Probate Division, of its motion for an order directing the clerk to enter judgment on the probate docket on a motion for summary judgment filed by the estate of Marjorie Jackson. Arguing that no proper entry of judgment as required by Ind. Rules of Procedure, Trial Rules 58 and 77(B) was made, an event it asserts to be an essential precondition to appeal, the Department requests that we order proper entry be made. Because we find no error in the trial court's denial of the Department's motion, we affirm.

To better understand the winding path this litigation has followed, we review the action the Department has taken to date. In response to a Petition for Rehearing, Reappraisement and Redetermination of Inheritance and Transfer Tax filed by the Department, Roberta A. and Steven A. Koers, personal representatives of the estate, filed a Motion for Summary Judgment. The motion was set for hearing April 9, 1979. On May 22, 1979, Judge Pfau of the probate division of the Marion Superior Court ordered summary judgment in favor of the estate. His written order was entered in its entirety in Probate Order Book 1356 at page 445. On the same day, May 22, 1979, a handwritten notation was

made in the Estate Docket Book which reads: "5–22–79: Motion for Summary Judgment filed 1356–445." The sufficiency of that notation is the subject of this controversy.

Notwithstanding the alleged inadequacy of the above notation in the probate docket, the effect of which the Department argues is to stymie its appeal efforts because no final order or judgment has been entered as required by T.R. 58 and T.R. 59(C), the Department took action to appeal the summary judgment order. It filed a motion to correct errors July 24, 1979, a day late. The Department filed a praecipe for transcript with the trial court and three requests for extension of time in which to file the record of proceedings with this Court. Not until the personal representatives indicated that as soon as the record was filed they intended to move to dismiss the appeal because the motion to correct errors was filed late, did the Department take steps to dissolve its appeal and file its Motion for Order Directing Entry of Judgment in the trial court. This action, thus, is an appeal by the Department not from the adverse summary judgment order, but rather from the denial by the trial court of its Motion for Order Directing Entry of Judgment.[1]

The substance of the Department's argument is that a judgment does not become effective until it is entered in the docket book. T.R. 58 and T.R. 77(B). Until entry, the motion to correct errors, the filing of which is a precondition to appeal, is premature (T.R. 59(C)). Therefore, its argument runs, it has been prevented from proceeding to an appeal of the merits by the failure of the clerk of the courts for Marion County to properly enter the summary judgment order in the probate docket.

■ We agree with the Department that entry of judgment pursuant to T.R. 58 is made when the judgment is entered as required by T.R. 77. However, the docket does not have to contain the judgment or order itself, T.R. 58, but may, as was done by the Marion County Clerk, make reference to a separate order book in which the ruling is entered verbatim. (T.R. 77(E)). The entry in the docket need, however, show the nature of each paper filed and the bare substance of each order or judgment of the court to satisfy T.R. 77(B). The Department submits that the bare substance of the summary judgment order was not shown by the probate docket entry.[2]

■ An entry regarding the disposition of the Estate's Motion for Summary Judgment was made in the Probate Docket accompanied by the order book and page number on which the actual order was recorded. It was, as the Department argues, defective in its failure to correctly state the action taken by the trial court on the motion, i.e., the word "filed" should have been "ordered for the estate."

■ However, this flaw in the probate docket entry, the result of clerical inadvertence or mistake which caused no prejudice to either party could be corrected by a *nunc pro tunc* entry. *Stowers v. State*, (1977) Ind., 363 N.E.2d 978. The entry in the order book, a record required by law to be kept contemporaneously with the civil or probate docket, supplies the necessary written memoranda from which the docket entry could be corrected. Such entry, if made by the trial court, would take effect as of

---

1. As pointed out by appellee in its brief and the Marion County Clerk in its amicus brief, the notation in the probate docket regarding the trial court's disposition of the Department's Motion for Order Directing Entry is no more specific or complete than the summary judgment entry here appealed. Thus, if we were to adopt the Department's argument, we would be forced to dismiss this action as premature because no final judgment or order has been entered. It would then follow that the proper

course for the Department is not direct appeal but rather a writ of mandamus action.

2. Unlike both the appellee in its brief and the Marion County Clerk in its amicus brief, we do not construe the Department's argument to be that compliance with T.R. 77(B) requires the verbatim entry in the civil or probate docket of the summary judgment order.

the time of the original judgment. *Ford v. State,* (1979) Ind.App., 390 N.E.2d 676, 677. To order correction of the error in entry, therefore, would be action from which the Department would derive no benefit. Its attempted feat of legerdemain would not avoid the time requirements for filing a motion to correct errors. Its appeal efforts have been stymied, thus, not from any action or inaction of the trial court, but from its own tardy filing of the motion to correct errors following the May 22, 1979 summary judgment order.[3]

The case of *State ex rel. Sargent & Lundy v. Vigo Superior Court,* (1973) 260 Ind. 472, 296 N.E.2d 785, a case on which the Department relies to support its position is distinguishable in several important respects. In *Sargent,* there was no entry at all in the court's civil docket that notice of a venue ruling was sent to the parties who claimed they had never received notice of the ruling. The only evidence was in the judge's minute book in the form of a symbol or code. Here, in contrast, there was an entry in the probate docket, albeit incomplete, and the order was set out verbatim in the court's order book. Most importantly, no prejudice to the Department from the error resulted. The Department has not argued, and indeed would be hard pressed to argue, that its late filing of the Motion to Correct Errors was in any way caused by the alleged inadequacy of the probate docket entry. The fact that the Department initiated appeal efforts following the summary judgment order of May 22, 1979 indicates to us that they had notice of said order.

We therefore find no error in the trial court action here appealed.

Affirmed.

CHIPMAN and MILLER, JJ., concur.

---

**3.** While a more careful recordation by the clerk in the probate docket of action taken by the court would prevent confusion, some mistakes or omissions as here occurred are bound to happen.