John C. BLOOD, Jr., Trustee and John C. Blood, Jr., individually, Petitioner,

v.

Anne Hensley POINDEXTER, Inheritance Tax Administrator, Indiana Department of State Revenue, Respondent.

No. 26T05–8803–TA–00012.

Tax Court of Indiana.

Feb. 3, 1989.

See also 524 N.E.2d 824.

Verner P. Partenheimer, Hall, Partenheimer & Kinkle, Princeton, for petitioner.

Linley E. Pearson, Atty. Gen. by Joel Schiff, Kim Ohmart Laurin, Deputy Atty. Gen., Indianapolis, for respondent.

FISHER, Judge.

### STATEMENT OF THE CASE

John C. Blood, Jr., as trustee and individually, appeals the Indiana Department of Revenue's "Order Determining Value of Estate and Amount of Tax, Etc." The order being appealed resulted in the assessment of additional inheritance tax on a transfer arising from the death of Jane A. Blood. The appeal is before this court on joint motions for summary judgment.

On January 1, 1967, Jane A. Blood and other persons executed and delivered a trust agreement and deed of conveyance pertaining to land situated in Knox and Gibson Counties, of the State of Indiana, as well as other property. The trust was designated as the "John M. Blood Heirs Trust No. 1". The beneficial interests were divided into certificates of interest, aggregating in number and amount in $1,000 units is-

sued by the trustee, John C. Blood, Sr., to the granting parties in proportion to their prior fee simple ownership of the land conveyed. Subject to early termination in certain events, the trust was to expire December 31, 1986, with any property then remaining passing to the then beneficiaries of the trust in the same proportions or percentages as ownership of the beneficial interest bore to the whole. Prior to its termination date of December 31, 1986, the trust was, by agreement of the beneficiaries, extended for an additional period of time to and including December 31, 1991.

The 1967 trust agreement provided that the trustee could deal with the real estate only when authorized to do so in writing by the owner or owners of 51% or more of the beneficial interests. The interest of each beneficiary consisted of a right to earnings, avails, and proceeds from the trust property.

In 1980, Jane A. Blood, by then the owner of a 22.5% interest in the John M. Blood Heirs Trust No. 1, executed and delivered to herself as trustee a declaration of trust creating a trust commonly known as a charitable remainder unitrust, whereby she transferred assets to the trustee to be used for her benefit for life. At her death the successor trustee was to pay funeral expenses, claims, taxes, etc., and thereafter pay an annuity to John C. Blood, Jr. for his lifetime. At the death of John C. Blood, Jr., the successor trustee was to terminate the trust and distribute the remaining principal among named charitable beneficiaries. Included among the assets transferred by the declaration of trust was the decedent's beneficial interest in the John M. Blood Heirs Trust No. 1.

Jane A. Blood was a resident of Illinois when she died in 1981, leaving a will admitted to probate in the state and county of her domicile and admitted to probate as a foreign will in Gibson County, Indiana. The will did not specifically refer to the decedent's beneficial interest in the land trust, but it did devise the residue of her estate, wherever located, to the successor trustee of the charitable remainder unitrust, John C. Blood, Jr. In 1982, the decedent's domiciliary executor filed a non-resident Indiana Inheritance Tax Schedule with the Indiana Department of Revenue, reporting for taxation coal and oil royalty interests pertaining to the real property located in Gibson County, Indiana, and owned by the decedent at the time of her death. The Department determined that additional inheritance tax was due because of the transfer of the beneficial interest in the trust. This appeal resulted.

The parties generally agree on the two issues for summary judgment. They cannot agree, however, on how the issues should be stated. The court states the issues as follows:

I. Is the transfer of an interest from a non-resident decedent subject to Indiana inheritance tax when the interest transferred is a beneficial interest in a charitable remainder unitrust that includes as an asset a beneficial interest in a land trust holding Indiana real property among its assets?

II. Were the Indiana Department of Revenue's actions so intentionally vexatious as to warrant an award of obdurate behavior attorney fees when its "Order Determining Value of Estate and Amount of Tax, Etc." was delayed and resulted in economic injury to the taxpayer?

ISSUE I.

IC 6–4.1–2–1(a) provides that an inheritance tax is imposed on the property interest transfer of a non-resident decedent if the property transferred is described in both IC 6–4.1–2–3 and IC 6–4.1–2–4, and the transfer is not exempt under IC 6–4.1–3. For purposes of this summary judgment, there is no dispute concerning the applicability of IC 6–4.1–2–4 or IC 6–4.1–3. John C. Blood, Jr. (Blood) does dispute, however, that the property transfer in question is one to which IC 6–4.1–2–3 applies. IC 6–4.1–2–3 reads:

The inheritance tax applies to the property interest transfer made by a non-resident decedent if the interest transferred is in:

(1) real property located in this state; or

(2) tangible personal property which has an actual situs in this state.

The Department relies on IC 6–4.1–2–6 for the imposition of tax. IC 6–4.1–2–6 makes a transfer taxable if the transferor transfers property by a deed of trust in such a manner that he reserves to himself any interest or to himself and others powers of revocation, alteration, or amendment, which if exercised would cause the property to revert back to the transferor. In the Department's opinion, the 1967 land trust interest is taxable under IC 6–4.1–2–6 because the decedent had the powers of amendment which could have caused a portion of the Indiana real property to revert back to her. The control given to the beneficiaries over the actions of the trustee, coupled with the provision that all remaining property would be distributed in kind to beneficiaries upon the termination of the 1967 trust provided the Department with the basis for its determination. The subsequent transfer of the decedent's 1967 trust interest into the 1980 trust was, in the Department's opinion, a transfer of Indiana real property into the new trust. The transfer made at decedent's death of the beneficial interest in the charitable remainder unitrust, by which Blood is to receive an annuity as beneficiary and is the trustee unless he dies, resigns, or becomes incompetent, is also characterized by the Department as a transfer of real property located in Indiana. Even though it makes no explicit reference to IC 6–4.1–2–3, the Department has implicitly considered the statute in its determination that the property interest transferred was real property.

▇ Blood contends that the transfer made at Jane A. Blood's death was a transfer of intangible personal property. A transfer of intangible personal property from a non-resident is not subject to tax under IC 6–4.1–2–3. Indiana's inheritance tax laws are ownership statutes which require imposition of the tax where there is a transfer from the decedent of an interest in property which the decedent owned at death. *Indiana Dep't of Revenue, Inheritance Tax Div. v. Hungate's Estate* (1982), Ind., 439 N.E.2d 1148; *Matter of Estate of Bannon* (1976), 171 Ind.App. 610, 358 N.E. 2d 215.

It is not disputed that at her death Jane A. Blood held an ownership interest in property in the form of a beneficial interest in the Jane Blood Charitable Remainder Unitrust. The character of the interest is determinative. If it is real estate then it is taxable pursuant to IC 6–4.1–2–6. If it is not, then it is intangible personal property and is not subject to Indiana's inheritance tax. IC 6–4.1–2–3.

The parties disagree as to the criteria for determining the character of the transfer made at Jane A. Blood's death. The Department asserts that it need not look at the Trust Code (IC 30–4) to interpret the transfer, but can look solely to *Senior v. Braden* (1935), 295 U.S. 422, 55 S.Ct. 800, 79 L.Ed. 1520, as support for its conclusion. In *Senior*, the Supreme Court announced that its "concern is with realities, not nomenclature." *Id.* at 429, 55 S.Ct. at 802. The court went on to hold that appellant's interests in trusts containing real property were in actuality interests in the property itself, and not subject to Ohio's tax on intangible property.

The court's holding herein is not based on the nomenclature of the trust agreement.[1] Furthermore, the grounds upon which *Senior* was decided are not issues in this case. *See In Re Estate of Tutules* (1962), 204 Cal.App.2d 481, 22 Cal.Rptr. 427; *Security Trust Co. v. Dep't of Revenue* (1953), Ky. 263 S.W.2d 130. Thus, reliance on *Senior* is misplaced.

---

1. The John M. Blood Heirs Trust No. 1 provides "... that the interest of any beneficiary hereunder shall consist solely of a power of direction to deal with the title to said property and to manage and control said property as hereinafter provided, and the right to receive the proceeds from earnings, rentals and from mortgages, sales or other disposition of said premises, and that such right in the avails of said property shall be deemed to be personal property...." The court expresses no opinion on the effect of the trust agreement language. The court's holding is based upon provisions of the Trust Code.

Direction in determining the character of the interest transferred is found in the Trust Code. The Department argues that Trust Code provisions should be interpreted in the same manner as the Probate Code provision of IC 29-1-9-1. That section allows a compromise between beneficiaries to change distribution of estate assets but provides that such compromise will not be allowed to affect the imposition of inheritance tax. The court finds the Department's analogy between the Trust Code and this section of the Probate Code to be unpersuasive. The legislature's express statement in IC 29-1-9-1 illustrates its ability to make similar restrictions in the Trust Code if it so desired. There is a strong presumption that the legislature, in enacting a statute, has full knowledge of existing legislation on the same subject matter. *Morgan County Rural Elec. Members Corp. v. Indianapolis Power & Light Co.* (1973), 260 Ind. 164, 261 Ind. 323, 302 N.E.2d 776, 778. The inheritance tax statutes predate the Trust Code, and the legislature is presumed to have had knowledge of their content.

The ultimate issue before this court is whether the interest transferred at the death of Jane A. Blood was a transfer of an interest in real property or a transfer of an intangible interest.

IC 30-4-2-7(c) states:

Except as provided in 30-4-2-14, if, under the terms of the trust, the trustee is required at some time to distribute real property from the trust estate to a beneficiary, that beneficiary's equitable interest is real property. *In all other cases, the beneficiary's interest is personal property.*

(Emphasis supplied).

The charitable remainder unitrust agreement does not direct or require the trustee to make any distributions "in kind" of real property. The final distribution to the charitable remaindermen upon Blood's death does not have to be in kind. The dispositive provisions of the Trust are silent as to whether distribution may be in cash or kind but a series of powers provisions clearly authorize the sale of the trust assets, including the trust certificates in John M. Blood Heirs Trust No. 1, for purposes of investing in other kinds of property or for the express purpose of making distributions. Blood, as trustee, has the power to invest and reinvest the trust property in any kind of assets, real or personal, to sell, transfer and exchange trust property without restraint, to distribute trust property in cash or kind, and to sell any property in order to make distributions. The trust permits, but does not require, the trustee to retain "any farm or property". Under the terms of the trust, Blood, as beneficiary, is not entitled to demand the transfer of real property for payment of his annuity. Since Blood cannot require the distribution of real property from the trust to a beneficiary, then the interest must be characterized as personal property. The interest is incorporeal in nature and is, therefore, an interest in intangible personal property. IC 6-4.1-1-5.

### ISSUE II.

Blood contends that an award of attorney fees for obdurate behavior is appropriate because the Department pursued a baseless claim in this case. Blood contends that the Department first expressed its intention to impose a tax on these interests more than five years after the complete documentation was filed, and two and a half years after requesting a copy of the land trust instrument. Blood further contends that in formulating its policy and making its order, the Department ignored the Indiana Trust Code. Blood does not suggest that malice or intentional wrongdoing was involved, but suggests that the Department's assessment was so baseless that it amounted to bad faith.

"The nature of an attorney fee award under the obdurate behavior exception is punitive, designed to reimburse a *prevailing party* who has been dragged into *baseless litigation* and thereby subjected to *great expense."* *Kikkert v. Krumm* (1985), Ind., 474 N.E.2d 503, 505 (emphasis in text) (citing *Cox v. Ubik* (1981), Ind.App., 424 N.E.2d 127; *Hall v. Cole* (1973), 412 U.S. 1, 93 S.Ct. 1943, 36

L.Ed.2d 702). Conduct constitutes obdurate behavior if a court determines that the behavior was "vexatious and oppressive in the extreme and a blatant abuse of judicial process." *Id.*

On October 12, 1984, a copy of the Internal Revenue Service's federal determination of estate tax, entitled "Report of Estate Tax Examination Changes", was sent by the estate's attorney to the Department. Blood admits that the finality of this report was clearly still pending as the words "Subject to Review" were placed in bold print by the Internal Revenue Service across the front page of the document. The final closing letter of determination was issued by the Internal Revenue Service on January 15, 1985. A copy of the final closing letter was not sent to the Department until August 14, 1987, even though IC 6–4.1–4–8(2) requires an estate to transmit the final federal determination to the Department within thirty days of receipt. Four months after receiving the final federal determination, the Department was able to issue its order.

 The court holds that an award of attorney fees for obdurate behavior is not warranted. Delay in the issuance of the Department's order was caused, at least in part, by Blood's failure to comply with IC 6–4.1–4–8(2). Blood admits that the Department's pursuit of this case was not malicious or an intentional wrongdoing. Thus, the Department's actions cannot be classified as "vexatious or oppressive in the extreme." Finally, the question regarding taxation of this interest was a legitimate one, and not "baseless".

The court therefore grants Blood's motion for summary judgment on Issue I and denies its motion on Issue II. The Department's motion for summary judgment is denied on Issue I and granted on Issue II.