Daniel **KOHLMAN** Appellant–Defendant Counter–Plaintiff

v.

Herman **BLOMBERG** and Jacqueline Sellick Appellees–Counter Defendants,

Auditor of Marion County, Indiana, the Treasurer of Marion County, Indiana and Elvara Hoffman, Appellees–Defendants.

No. 49A02–9012–CV–752.[1]

Court of Appeals of Indiana, First District.

July 18, 1991.

Carolyn Small Grant, Ecklund, Frutkin & Grant, Indianapolis, for appellant-defendant counter-plaintiff.

**1.** This case was reassigned to this office on June 25, 1991.

Thomas M. Carusillo, City–County Legal Div., Indianapolis, for appellees-counter defendants.

ROBERTSON, Judge.

Daniel Kohlman appeals from a grant of summary judgment in favor of the Auditor of Marion County and the Treasurer of Marion County. Kohlman bought certain land on contract and brought this suit to have a subsequent tax deed for the land declared void because he had received no notice of the sale. We reverse.

Kohlman bought certain real estate on contract in 1980, but the property was sold eight years later at a tax sale because of property tax delinquencies. The new owners brought an ejectment action against Kohlman to have him ousted from the property, and Kohlman counterclaimed to have the tax sale set aside because he had received no notice of the sale. Each side moved for summary judgment on the undisputed facts, and the trial court ruled against Kohlman.

Initially, we must set out the well-settled standard for summary judgment. The purpose of summary judgment is to terminate litigation about which there can be no factual dispute and which may be determined as a matter of law. *Bassett v. Glock* (1977), 174 Ind.App. 439, 368 N.E.2d 18. When we review a motion for summary judgment, we apply the same standard as that employed by the trial court. *King v. Bartholomew County Hosp.* (1985), Ind.App., 476 N.E.2d 877, *trans. denied.* Summary judgment is appropriate only when the designated matter shows there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Ind. Trial Rule 56(C). The facts in this case are undisputed. Therefore, our task is to determine whether the trial court correctly applied the law to the undisputed facts. *State ex rel. Bd. of Dental Examiners v. Judd* (1990), Ind.App., 554 N.E.2d 829.

Kohlman claims he should have received notice under Ind.Code 6–1.1–24–4.2. That statute has since been repealed but was in effect at all relevant times in this case. The statute states that the auditor shall send a notice of the sale of property to all persons having a substantial property interest of public record that would be affected by the sale of that tract. "Substantial property interest of public record" means title to or interest in a tract possessed by a person and recorded in the office of a county recorder or available for public inspection in the office of a circuit court clerk no later than the hour and date the sale is scheduled to commence. I.C. 6–1.1–24–1.9. Kohlman claims he had an interest in the property in question which was available for public inspection in the office of the Marion County Circuit Court Clerk since long before the tax sale. He contends the Marion County Circuit Court Clerk qualifies as a circuit court clerk mentioned in the statute. He therefore contends the auditor should have sent him notice of the tax sale.

The evidence shows that an examination of the public records of the Marion County Circuit Court Clerk showed pending litigation between the previous owner and Kohlman for the cancellation of a land contract. An examination of the complaint in that suit particularly describes the property which was the subject of the tax sale. We conclude that Kohlman indeed had a substantial property interest in the property in question, as he was the contract buyer of the land. Moreover, that interest was available for public inspection in the public record at the office of the Marion County Circuit Court Clerk when the Auditor sent tax sale notices. The Auditor therefore should have sent Kohlman notice of the tax sale as required by the statutes. Summary judgment in favor of the Auditor and the Treasurer was improper.

Reversed and remanded.

HOFFMAN, J., concurs.

BAKER, J., dissents with separate opinion.

BAKER, Judge, dissenting.

I respectfully dissent. A person must have a legally protected interest in proper-

ty in order to be entitled to notice of a tax sale. *Mennonite Bd. of Missions v. Adams* (1983), 462 U.S. 791, 103 S.Ct. 2706, 77 L.Ed.2d 180 (analyzing Indiana tax sale statutes). I do not believe a legally protected property interest is created or demonstrated when there is merely a lawsuit pending against a party concerning the subject real estate, and I do not read IND. CODE 6-1.1-24-1.9 to dictate such a result.

In this case, the clerk's fee book and index would have indicated a lawsuit was filed by the record owner of the real property against Kohlman. As we all too often must recognize, anyone can file a lawsuit against anyone. A substantial property interest is not necessarily created or demonstrated, however, by the mere filing of a lawsuit without more. The fact that in this case Kohlman apparently did have an interest in the property because he had been buying it on land contract for several years does not change the fact that the property owner could have sued any number of people, citing in the complaint that the lawsuit had something to do with the property at issue. In reality, these people may not have had anything to do with the property.

In Indiana, every conveyance or mortgage of land or of any interest therein shall be recorded in the recorder's office of the county where such land is located. IND. CODE 32-1-2-16. It has long been recognized that the statute's purpose is to give constructive notice to all persons of the interest claimed in the property. *Sinclair v. Gunzenhauser* (1912), 179 Ind. 78, 98 N.E. 37, *reh'g overruled,* (1913), 179 Ind. 78, 100 N.E. 376. Kohlman, to inform the world of his interest in the land, could have recorded his interest or filed a notice of Lis Pendens.[1] Indiana has a strong statutory scheme for letting the world know of an interest in land, and IND.CODE 6-1.1-24-1.9, providing that a substantial property interest is title to or interest in a tract which is recorded in the county recorder's office or available for public inspection in the office of the circuit court clerk, contemplates the utilization of the statutory scheme to ascertain to whom to send notice of a tax sale.

To read the statute otherwise creates an unworkable system. Under the majority's resolution of the case, the auditor must check all court records to see if litigation is pending involving the name of the property owner, locate and read all the complaints to determine if the complaints have anything to do with the property, decide if any party to the complaint has a substantial property interest based upon the language in the complaint, and if so ascertain where the other parties to the lawsuit are located in order to send notices of a tax sale. In my opinion, the legislature did not intend IND. CODE 6-1.1-24-1.9 to place such a burden on the auditor.

I do not believe the auditor was required to provide Kohlman with notice of the tax sale in this case because Kohlman did nothing to give notice of his claimed interest by either filing in the recorder's office, by filing a notice of Lis Pendens, or by otherwise informing the auditor of his interest in the land. I would affirm the judgment of the trial court.

---

1. IND.CODE 34-1-4-1 *et seq.* provides for a Lis Pendens notice, which is designed specifically to protect interests in property while litigation is pending. These notices are to be filed with the Clerk of the Circuit Court in the county where the real estate is located. The auditor then could check these notices, in the county where the real estate is located, to determine if anyone was claiming a substantial interest in the property. I believe the Lis Pendens procedure and the recording requirements are what is contemplated by IND.CODE 6-1.1-24-1.9.