INDIANA DEPARTMENT OF STATE REVENUE, INHERITANCE TAX DIVISION, Appellant (Petitioner Below),

v.

ESTATE OF Hans H. PUSCHEL, Deceased, Appellee (Respondent Below).

No. 64T10–9105–TA–00021.

Tax Court of Indiana.

Dec. 16, 1991.

Linley E. Pearson, Atty. Gen. of Indiana and Lawrence N. Ferlicca, Deputy Atty. Gen., Indianapolis, for petitioner.

James S. Bozik and Richard J. Rupcich, Blachley, Tabor, Bozik & Hartman, Valparaiso, for respondent.

FISHER, Judge.

The Indiana Department of Revenue (Department) appeals the Probate Commissioner's grant of summary judgment in favor of the Estate of Hans H. Puschel, Deceased (Estate), effectively denying the Department's petition for rehearing, reappraisement, and redetermination of inheritance tax due from the Estate. The court reverses.

## ISSUE

Under the terms of a trust agreement, is the transfer of a property interest from the trust upon the death of the resident lifetime beneficiary subject to Indiana inheritance tax as a matter of law when the interest transferred is out-of-state real property?

## STANDARD OF REVIEW

The Indiana Tax Court has jurisdiction to review appeals from the final determinations of a probate court concerning the amount of Indiana estate tax due. IND.CODE 6–4.1–11–7 (1990). The tax court acts as a true appellate tribunal in its review of the probate court's grant of summary judgment. *Id.*

■ The purpose of summary judgment is to terminate litigation that does not involve a factual dispute and may be determined as a matter of law. *Kohlman v. Blomberg* (1991), Ind.App., 574 N.E.2d 954, 955 (citing *Bassett v. Glock* (1977), 174 Ind.App. 439, 368 N.E.2d 18). When reviewing the grant of a motion for summary judgment, this court stands in the shoes of the trial court and considers the identical matters. *Bandido's, Inc. v. Journal Gazette Co.* (1991), Ind.App., 575 N.E.2d 324, 325 (citing *Kolczynski v. Maxton Motors, Inc.* (1989), Ind.App., 538 N.E.2d 275, 276). Summary judgment is appropriate if there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Ind.Rules of Procedure, Trial Rule 56(C); *C & C Oil Co. v. Indiana Dep't of State Revenue* (1991), Ind.Tax, 570 N.E.2d 1376, 1378. This standard is applicable to the review of a determination of inheritance tax due by a probate court. *See Indiana Dep't of State Revenue v. Koers* (1980), Ind.App., 409 N.E.2d 1251, 1252–53.

## FACTS

The facts most favorable to the non-movant are not in dispute. The decedent, Hans H. Puschel, died testate on March 3, 1989, at the age of eighty-seven. At the time of his death and for the forty-five years preceding his death, Hans was a domiciled resident of Indiana.

On May 12, 1988, Hans created the Hans Puschel Self Declaration Trust (Puschel Trust), the sole asset of which was unimproved Florida real property. In the trust document, Hans named himself trustee and retained all incidents of legal and equitable title for his lifetime, including the right to manage, modify, amend, terminate, or add property to the trust. Upon Hans's death, his son, Wilhelm H. Puschel, was the named beneficiary. Hans's wife, Erna K. Puschel, and Wilhelm accepted appointment under the trust as successor co-trustees. They distributed to Wilhelm by trustee's deed an amount equal in value to the maximum federal estate tax exemption ($600,000) in the form of Florida realty, as directed by the trust agreement.

On April 23, 1990, the probate court entered its order determining the Estate did not owe Indiana inheritance tax. The order declared the property interests transferred to the decedent's surviving spouse were exempt under the complete marital exemption, IND.CODE 6–4.1–3–7, and the property interest in real property located outside the state of Indiana transferred to Wilhelm was not subject to tax under IND.CODE 6–4.1–2–2. The Department filed a petition for rehearing, reappraisement, and redetermination of inheritance and transfer tax due, claiming the decedent's transfer to Wilhelm was taxable.

Other facts will be furnished as necessary.

## DISCUSSION AND DECISION

■ This court's task is to determine whether the probate court correctly applied the law to the undisputed facts. *Kohlman*, 574 N.E.2d at 955 (citing *State ex rel. Bd. of Dental Examiners v. Judd* (1990), Ind.App., 554 N.E.2d 829). Indiana's inheritance tax laws are ownership statutes that impose tax upon transfers of property interests owned by a decedent at death. *Blood v. Poindexter* (1989), Ind.Tax, 534 N.E.2d 768, 770 (citing *Indiana Dep't of Revenue v. Hungate's Estate* (1982), Ind., 439 N.E.2d 1148; *Matter of Estate of Bannon* (1976), 171 Ind.App. 610, 358 N.E.2d 215). These statutes do not impose tax on property itself, but on the *transfer of ownership* of either the legal or beneficial interest in the property. *Conway's Estate v. State ex rel. Klaus* (1918), 72 Ind.App. 303, 314, 120 N.E. 717, 720. For determining inheritance tax, therefore, the critical time is the date of the decedent's death. *See Indiana Dep't of State Revenue v. Estate of Cohen* (1982), Ind.App., 436 N.E.2d 832, 834 (citing *Quinn v. Peoples Trust & Sav. Co.* (1945), 223 Ind. 317, 60 N.E.2d 281, *Hayes v. Second Nat'l Bank* (1978), 176 Ind.App. 299, 375 N.E.2d 647; *In re Lowe's Estate* (1946), 117 Ind.App. 554, 70 N.E.2d 187); *Blood*, 534 N.E.2d at 770–71.

■ The beneficial interest in the Puschel Trust was transferred to Wilhelm at

Hans's death. The nature of Hans's beneficial interest on the date of his death is dispositive of whether the decedent's transfer is taxable. *See Blood,* 534 N.E.2d at 770. If the character of Hans's interest is real property, it is not subject to inheritance tax because the property is located outside the state of Indiana, however, if the character of the interest is intangible personality, it is taxable:

The inheritance tax applies to a property interest transfer made by a resident decedent if the interest transferred is in:

(1) real property located in this state;

(2) tangible personal property which does not have an actual situs outside this state; or

(3) *intangible personal property regardless of where it is located.*

IC 6–4.1–2–2 (emphasis added).

The Department contends the transfer made to Wilhelm at Hans's death was a taxable transfer of a beneficial interest in intangible personal property. The Department reasons that although the character of a property interest in land is by nature real property, the inclusion of Florida real property into a self declaration trust changed the interest's character into taxable intangible personality pursuant to IC 6–4.1–2–2(3). The Estate asserts, on the other hand, an interest in real property included in a self declaration trust retains its character as real property.

The essence of the parties' dispute lies in differing applications of the instant facts to the law as stated in *Blood.* The transfer under scrutiny in *Blood* was the beneficial interest in a charitable remainder unitrust by a non-resident decedent. Included among other assets in the charitable remainder unitrust was a beneficial interest in a land trust holding Indiana real property. The land trust divided the several beneficial interests into certificates of interest. The trustee could only deal with the real estate when authorized in writing by 51%

of the beneficiaries, and the beneficiaries were entitled to earnings, avails, and proceeds from the trust property. The quality and quantity of trust assets therefore did not indicate an intent by the grantor to transfer real property itself.

 The court's analysis focused on determining the character of the transferred beneficial interest in the charitable remainder unitrust. *Blood,* 534 N.E.2d at 771. The court determined the character of the interest based on the Indiana Trust Code's definition of the nature of a beneficiary's interest:

(a) The beneficiary takes an equitable interest in the trust property.

(b) The extent of the beneficiary's estate shall be determined from the terms of the trust. . . .

(c) Except as provided in 30–4–2–14, if, *under the terms of the trust, the trustee is required at some time to distribute real property from the trust estate to a beneficiary,* the beneficiary's equitable interest is real property. In all other cases the beneficiary's interest is personal property.

IND.CODE 30–4–2–7 (emphasis added).[1] IC 30–4–2–7(c) characterizes all beneficial interests in trust property as personal property *except* when the terms of a trust require the real property to be distributed at some time by the trustee to a beneficiary, the interest is then characterized as real property. The exception recognizes that certain real property has, for the grantor, greater intrinsic value as a unique piece of land than it has as a vehicle to create pecuniary gain for the beneficiary. Conceivably, IC 30–4–2–7(c) could be construed to mean that a conditional requirement directing the trustee to distribute real property at some time is sufficient to meet the exception. This view, however, is inconsistent with the purpose of the exception because the land itself could be sacri-

**1.** The nature of a beneficiary's interest as defined by IC 30–4–2–7(c) differs from RESTATEMENT (SECOND) OF TRUSTS § 130. The Restatement defines the interest according to the nature of the trust property itself, *i.e.,* if the trust property is personal property, the benefi-

ciary's interest is personal property and if the trust property is real property, the beneficiary's interest is real property unless the interest, if it were a legal interest, would be considered personal property because of its limited duration.

ficed upon the occurrence of the conditions stated in the trust document. The court therefore finds a trust interest has the character of real property under IC 30–4–2–7(c) only if the terms of the trust contain an absolute requirement that the trustee distribute real property at some time to a beneficiary.

In *Blood,* to determine whether the trustee was "required at some time to distribute real property," pursuant to IC 30–4–2–7(c), the court examined several factors: (1) the express requirement that the trustee make distributions in kind, (2) the discretion given to the trustee in dealing with the trust's real property asset, and (3) the power of the beneficiaries to require the trustee to make a distribution in kind. *Blood,* 534 N.E.2d at 771. In defining the character of the transferred beneficial interest, both the inquiry in *Blood* and the definition of the character of a beneficial interest in the Trust Code are ultimately concerned with whether the grantor tied the trustee's hands in an attempt to preserve the trust property as real property, indicating the real estate itself is the benefit the grantor intended.

The charitable remainder unitrust in *Blood* did not direct or require the trustee to make any in kind distributions of the land represented by certificates of interest in the land trust. *Id.* Indeed, the trustee was granted a series of powers authorizing the sale of trust assets, including the certificates of interest, for the purpose of investing in other property or making distributions. *Id.* The trustee had "the power to invest and reinvest the trust property in any kind of assets, real or personal, to sell, transfer and exchange trust property without restraint, to distribute trust property in cash or kind, and to sell any property in order to make distributions." *Id.* Furthermore, the beneficiary was not entitled under the terms of the trust to demand a distribution in kind. The court concluded the beneficial interest must be characterized as personal property because the trustee could not require the distribution of real property from the trust to a beneficiary. *Id.*

■ In the case at bar, the facts are the reverse of the facts presented in *Blood.* In *Blood,* a non-resident decedent transferred an interest in a trust that included Indiana real property, while the present case involves an resident decedent's transfer of a trust interest that includes out-of-state real property. Although the facts are in opposition, the analysis in *Blood* is applicable to the present case because both cases focus on a determination of the character of the beneficial interest transferred.

Taken in isolation, the quality and quantity of the property interests contained in the Puschel Trust, unlike the interests at issue in *Blood,* indicate that the grantor intended the Florida property itself to be distributed. The Puschel Trust is a self declaration trust that contains real property as it sole asset, the beneficial interest of which is not divided into shares evidenced by certificates of interest. Nevertheless, an examination of the Puschel Trust in light of IC 30–4–2–7(c) and the three *Blood* factors indicates the transfer of value rather than the transfer of the real property itself was the grantor's intent.

■ Application of the three *Blood* factors indicates Hans, the grantor, intended a value to be distributed rather than the Florida land itself. First, the terms of the Puschel Trust document require the successor co-trustees to make one distribution:

C. After the Grantor's death, the Trustees *shall* hold and dispose of the trust property as follows:

I direct the successor Trustees to include the assets among those considered for distribution in accordance with my last will and testament and any subsequent codicils thereto in effect on the date of my death, specifically as it relates to the marital trust created by said will and also as it relates to my residuary trust also contained therein. Once the federal estate tax due, if any, on my entire estate has been determined, *my successor Trustees shall transfer an amount equivalent in value to the exemption then available free of federal estate tax to my son,* Wilhelm Hans Puschel, if living. At the time of the cre-

ation of this trust, the exemption for individual taxpayers is Six Hundred Thousand Dollars ($600,000). *This value shall be in the form of real estate located in the State of Florida, if not earlier sold; in any event, the asset distribution shall be at the discretion of and in joint Agreement with the executors of my last will and testament as duly admitted to probate.*

*Puschel Trust* at 2, item C (emphasis added).

To render summary judgment in a case that turns on a written document, the provisions of the document must be unambiguous. *B & R Farm Servs., Inc. v. Farm Bureau Mut. Ins. Co.* (1985), Ind., 483 N.E.2d 1076, 1077 (citing *Interstate Auction v. Cent. Nat'l Ins. Group* (1983), Ind. App., 448 N.E.2d 1094). The trust document unambiguously requires the successor co-trustees to distribute an ascertainable *value* to the decedent's son. The language following this directive, which describes the form of the value, only conditionally requires the successor co-trustees to make a distribution in kind, *unless* the property has already been sold or *unless* the property has been otherwise distributed at the discretion and in agreement with the executors of Hans's will.

Even if the terms of the trust were construed as expressly requiring the trustee to distribute real property rather than a value to the beneficiary, the requirement is not absolute, but is conditional, becoming absolute only upon the non-occurrence of certain events. Although the conditional events did not occur and the successor co-trustees indeed did convey the Florida property to the beneficiary, it is not the events that actually occur that are determinative, but the terms of the trust document itself. IC 30–4–2–7(b). Consequently, the conditional requirement created by the terms of the trust is insufficient under IC 30–4–2–7(c) or *Blood* to permit the beneficial interest transferred to Wilhelm to be characterized as real property.

Second, the trustee of the Puschel Trust, like the trustee in *Blood,* has many additional discretionary powers in relation to the trust corpus. For example, the trustee may invest or reinvest the property in bonds, notes, stock, real estate, interests in trusts, may sell or exchange any trust property, and may distribute the trust property in cash or in kind or both. The broad discretion given to the trustee by the terms of the Puschel Trust indicates the grantor intended to transfer a value rather than the specific property.

Third, the terms of the Puschel Trust document, like those in the trust document in *Blood,* do not give the beneficiary power to demand an in kind distribution from the trustee. The beneficiary therefore does not have the power to limit the trustee's discretion regarding the disposition of the Florida property; a final indication the grantor did not principally intend to transfer the Florida land.

Accordingly, the Puschel Trust, as drafted, does not reflect a quintessential intent to preserve the Florida real estate because the terms of the trust do not absolutely require the trustee to transfer real property at some time. The interest transferred to Wilhelm therefore is not real property as defined under IC 30–4–2–7(c). An interest incorporeal in nature is an interest in intangible personal property. *Blood* at 771 (citing IND.CODE 6–4.1–1–5). Consequently, the court finds the interest transferred to Wilhelm is an incorporeal interest in intangible personal property subject to Indiana inheritance tax under IC 6–4.1–2–2(3).

The Estate asserts that a finding by the court that imposes tax on property situated outside Indiana's borders would frustrate the grantor's intent to use the self declaration trust as an estate planning devise to avoid future ancillary probate administration in Florida and to achieve a stepped-up basis in the land for Hans's son. The court, however, does not agree that the imposition of Indiana inheritance tax defeats these estate planning objectives.

The judgment of the Porter Superior Court is reversed. This case is remanded with instructions for further proceedings consistent with this opinion.

Reversed and remanded.