**Daniel KOHLMAN, Appellant–Defendant Counter–Plaintiff,**

**v.**

**Herman BLOMBERG and Jacqueline Sellick, Appellees, Counter Defendants,**

**Auditor of Marion County, Indiana, the Treasurer of Marion County, Indiana and Elvara Hoffman, Appellees–Defendants.**

No. 49S02–9201–CV–50.

Supreme Court of Indiana.

Jan. 23, 1992.

Carolyn Small Grant, Ecklund, Frutkin & Grant, Indianapolis, for appellant-defendant counter-plaintiff.

Thomas Carusillo, Asst. Corp. Counsel, Indianapolis, for appellees-defendants Auditor of Marion County, Ind., and Treasurer of Marion County, Ind.

ON CIVIL PETITION TO TRANSFER

GIVAN, Justice.

The Court of Appeals reversed the trial court's granting of summary judgment in favor of the auditor, treasurer, and the tax-sale purchasers of the real estate. *Kohlman v. Blomberg* (1991), Ind.App., 574 N.E.2d 954. We grant transfer and affirm the trial court.

Sometime in October of 1980, appellant Kohlman entered into a land contract with John Hoffman, now deceased, and Elvara Hoffman for the purchase of the subject real estate. In August of 1988, Elvara Hoffman filed a complaint in Marion County Superior Court, Room No. 5 against Kohlman, attempting to set aside the land contract. At the time of the decision of the trial court in this case, that suit was still pending.

In October of 1989, the auditor of Marion County issued his deed for the subject real estate to Herman Blomberg and Jacqueline Sellick. Blomberg and Sellick filed an action for possession of the real estate. Kohlman countersued to set aside the tax sale alleging that he had received no notice from the auditor. Kohlman claims he should have received notice of the tax sale under Ind.Code § 6–1.1–24–4.2 (repealed 1989) because the pending lawsuit filed against him by Hoffman should have given the auditor's office notice through the records of the circuit court that he had a property interest in the subject real estate.

There is no dispute to the fact that Kohlman had neither filed a *lis pendens* notice as provided for in Ind.Code § 34–1–4–1 *et seq.* nor had he recorded his contract for the purchase of the subject real estate. To interpret the statute to require the auditor to make a search of every lawsuit concern-

ing real estate filed in the Marion County court system to determine who might have an interest in any particular piece of real estate would be placing an undue burden upon the auditor. As Judge Baker stated in his dissenting opinion in the Court of Appeals:

> "To read the statute otherwise creates an unworkable system. Under the majority's resolution of the case, the auditor must check all court records to see if litigation is pending involving the name of the property owner, locate and read all the complaints to determine if the complaints have anything to do with the property, decide if any party to the complaint has a substantial property interest based upon the language in the complaint, and if so ascertain where the other parties to the lawsuit are located in order to send notices of a tax sale. In my opinion, the legislature did not intend Ind.Code § 6–1.1–24–1.9 to place such a burden on the auditor." *Id.* at 956 (Baker, J., dissenting).

Appellant had adequate facilities under the law to either record his land contract or file a *lis pendens* notice with the Marion County Clerk. Having failed to do either, he cannot place the burden upon the auditor to search through the records of the Marion County court system to determine if he has an interest in the subject property.

The petition to transfer is granted; the decision of the Court of Appeals is set aside; and the trial court is affirmed.

SHEPARD, C.J., and DeBRULER, DICKSON and KRAHULIK, JJ., concur.